UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL PEEBLES, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SETERUS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-00242-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

In February 2019, Darrell Peebles filed a class action lawsuit against Seterus, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Act—California's fair debt collection statute. Compl., ECF No. 1. Peebles also brought unfair competition and negligent misrepresentation claims under California state law. See generally Compl. ¶¶ 118-148. Two months later, Seterus filed a motion to dismiss all of Peebles's claims. Mot. to Dismiss ("Mot."), ECF No. 7. Following a page-limits dispute, Peebles filed an opposition that better complied with the Court's filing requirements. Amended Opposition Brief ("Opp'n"), ECF No. 20-1;

1

see also Order re Filing Requirements, ECF No. 3-2. Seterus filed a reply. Amended Reply ("Reply"), ECF No. 25.[1]

For the reasons discussed below, the Court GRANTS in part and DENIES in part Seterus's motion to dismiss. The Court DISMISSES Peebles's 15 U.S.C. § 1692f, UCL, and negligent misrepresentation claims WITHOUT PREJUDICE.

## I. FACTUAL ALLEGATIONS

Peebles lives in Rancho Cordova, California. Compl. ¶ 30. His home is secured by a mortgage that is owned by Fannie Mae and serviced by Seterus. Compl. ¶ 31. While Seterus was servicing the loan, Peebles, at times, defaulted on his payments. Compl. ¶¶ 34-35. When a loan Seterus services becomes more than 45 days delinquent, Seterus sends a form letter referred to as a "California Final Letter." Compl. ¶ 36. Seterus "occasionally alleged" that Peebles's loan had become more than 45 days delinquent, at which point Seterus sent Peebles a California Final Letter. Compl. ¶¶ 36-37; see also Exh. A to Compl, ECF No. 1-1. Each California Final Letter states:

> If full payment of the default amount is not received by us . . . on or before [the Expiration Date], we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan . . . shall, at once and without further notice, become immediately due and payable."

Exh. A to Compl. (emphasis in original).

Peebles alleges that Seterus does not, in fact, "accelerate

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 30, 2019.

2

loans in the manner threatened by its California Final Letters." Compl. ¶ 42. Although the California Final Letter requires recipients to make a "full payment of the default amount" by the Expiration Date to avoid acceleration, Seterus purportedly maintains a practice of not accelerating loans so long as the loan is fewer than 45 days delinquent. Compl. ¶¶ 39-40. Put simply, the collection letters instruct borrowers that, to avoid acceleration, they must pay a larger share of the amount owed than Seterus actually requires. Id.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A court will dismiss a suit if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). When considering a motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." Id. "Unwarranted inferences" are likewise "insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

Rule 12(b)(6)'s plausibility standard "is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. A claim is plausible "when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

   B.   Judicial Notice

Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," because it (1) "is generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). A court may take judicial notice of matters of public record. United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

Seterus requests the Court take judicial notice of (1) the Promissory Note dated March 17, 2008 between Peebles and IndyMac Bank, F.S.P. related to the real property at 4384 Binchy Way, Rancho Cordova, CA 95742; and (2) the Deed of Trust, dated March 17, 2008 and recorded in the Official Records of Sacramento County Recorder's Office on April 1, 2008 as Document No. 20080401. RJN, ECF No. 7-2. A recorded deed is a matter of public record, and therefore, a proper subject of judicial notice. The Court GRANTS Seterus's request for judicial notice of the March 17, 2008 deed of trust.

A promissory note, on the other hand, is not a matter of public record. Seemingly, Seterus contends the Court should nonetheless consider the document under the doctrine of incorporation by reference. See RJN (citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)). Under this doctrine, "[a]

4

Court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. The court does not find the complaint "necessarily relies" on the promissory note between Peebles and IndyMac Bank. As discussed below, Peebles's claims do not raise the question of whether Seterus was authorized to engage in the collection practices listed in the California Final Letter. Rather, the issue is whether the California Final Letter accurately reflected Seterus's practices. The Court DENIES Seterus's request for judicial notice of the March 17, 2008 promissory note.

    C.    <u>Analysis</u>

        1.    <u>Fair Debt Collection Practices Act</u>

The FDCPA is a strict liability statute that prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." <u>Laungenour v. Northland Grp., Inc.</u>, No. 2:12-cv-2995-GEB-DAD, 2013 WL 3745727, at *2 (E.D. Cal. July 15, 2013); <u>see also</u> <u>Tourgeman v. Collins Financial Services, Inc.</u>, 755 F.3d 1109, 1119 (9th Cir. 2014). To state an FDCPA claim, a complaint must plead four elements: (1) the plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of § 1692a(6); and (4) the defendant violated a provision of the FDCPA. <u>Laungenour</u>, 2013 WL 3745727, at *2. Peebles contends

that false statements within the California Final Letter violate Sections 1692e and 1692f of the FDCPA. Seterus argues its collection notice is devoid of any false statements, and thus, both claims should be dismissed. The Court finds that although Peebles failed to state a claim under Section 1692f, his allegations—taken as true—plainly state a claim under Section 1692e.

### a. Section 1692e

Section 1692e of the FDCPA "broadly prohibits the use of 'any false, deceptive or misleading representation or means in connection with the collection of any debt.'" Tourgeman, 755 F.3d at 1119 (quoting 15 U.S.C. § 1692e). This provision includes a non-exhaustive list of sixteen prohibited practices. See 15 U.S.C. § 1692e. When a debt collector is accused of engaging in one of these practices, a court must ask whether "the least sophisticated debtor" would likely be misled by the communication. Tourgeman, 755 F.3d at 1119. This inquiry is an objective one—courts cannot consider whether the plaintiff was _actually_ misled, but rather, whether a hypothetical, uninformed consumer would have been. Id. The "least sophisticated debtor" may be "uninformed, naïve, and gullible"; however, his interpretation of a collection notice "cannot be bizarre or unreasonable." Id. Peebles maintains Seterus's collection notice violated both subsection 5 and subsection 10 of Section 1692e. See Compl. ¶ 93.

#### (i) Section 1692e(5)

Section 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that

is not intended to be taken." 15 U.S.C. § 1692e(5). Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1077 (E.D. Cal. 2008) applied a two-prong test to a Section 1692e(5) claim, asking first whether the debt collector "threatened legal action or arrest," and second, whether the debt collector "could legally take such action and had the intent to do so." Peebles contends Seterus threatened to accelerate the maturity date of his loan if he did not pay the full default amount by the Expiration date when, in reality, Seterus maintained a policy of only accelerating loans that were more than 45 days past due. Compl. ¶¶ 7, 40, 44-54, 57, 96-99. In light of this policy, Peebles contends Seterus's threat to "immediately" accelerate past-due loans was an empty one; no more than an attempt to inspire "a false sense of urgency." Compl. ¶ 9.

Seterus refutes these allegations, and maintains Peebles's Section 1692e(5) claim fails because he cannot satisfy either of the two Schwarm prongs. Mot. at 6-8. Seterus first argues a threat to accelerate the maturity date of a loan is neither a "threat of legal action or arrest." Mot. at 6. The Court declines this invitation to bypass a plain reading of Section 1692e(5) for a hypertechnical reading of Schwarm. As Peebles argues, Section 1692e(5) plainly covers "threats to take any action"; not simply civil or criminal enforcement actions. The Ninth Circuit has also never adopted the narrow reading of Section 1692e(5) that Seterus suggests Schwarm requires. The Court finds Peebles's allegations that Seterus threatened to accelerate the maturity date of his loan qualify as a "threat to take any action" under Section 1692e(5).

7

Furthermore, the Court finds Peebles sufficiently alleged that Seterus did not intend to accelerate past-due loans in the way described by the California Final Letter. The Court is not persuaded by Seterus's argument that Peebles's Section 1692e(5) claim must be dismissed because he failed to show Seterus lacked any intent to accelerate Peebles's loan. See Mot. at 7. It is not Peebles's burden to produce evidence at this stage in the proceedings. See Fisher v. Bonner, No., 2015 WL 8327949, at *2 (E.D. Cal. Dec. 9, 2015) ("A Rule 12(b)(6) is not the appropriate procedural vehicle to test the sufficiency of a plaintiff's evidence."). The Federal Rules of Civil Procedure only require complaints to contain sufficient non-conclusory allegations to make out the prima facie elements of a claim. Fed. R. Civ. Proc. 12(b)(6); see Iqbal, 556 U.S. at 678. If anything, Peebles went beyond Rule 12(b)(6)'s pleading standard by appending to his complaint a partial transcript from the deposition of a Seterus officer in a factually analogous case pending in the Middle District of North Carolina. Exhibit B to Compl. While this transcript might neither be admissible at trial nor sufficient to defeat a motion for summary judgment, it is more than enough to help set forth a plausible cause of action. Seterus's motion to dismiss Peebles's claim under 15 U.S.C. § 1692e(5) is DENIED.

(ii) Section 1692e(10)

Peebles also states a claim under Section 1692e(10). Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Seterus advances three reasons why its

threat of acceleration is not a false representation:
(1) Seterus has the authority to immediately accelerate a loan in default; (2) Peebles does not allege any facts suggesting that Seterus would not accelerate a loan in default; and (3) the existence of a "grace period" does not make the California Final Letter's threat of immediate acceleration false. Mot. at 4-6. None of these arguments justify dismissing Peebles's Section 1692e(10) claim.

Seterus's first argument mischaracterizes the basis of Peebles's claim. Peebles does not challenge Seterus's authority to immediately accelerate a loan. Rather, Peebles contends the California Final Letter misrepresents the circumstances under which Seterus will, in fact, immediately accelerate a loan. Compl. ¶¶ 40, 43-44. If a statement in Seterus's collection notice is false, it is false, notwithstanding Seterus's authority to conduct the practice described.

Seterus's second argument similarly misconstrues Peebles's claim. Peebles's claim does not depend upon the notion that Seterus <u>never</u> accelerates defaulted loans. Rather, Peebles contends the California Final Letter's threat to immediately accelerate a loan absent payment of the full default amount is false because Seterus would not <u>always</u> accelerate a loan under those circumstances. As previously discussed, Peebles has sufficiently alleged that Seterus's acceleration policy in practice was different from its acceleration policy as described in the California Final Letter.

Finally, Seterus urges the Court to dismiss Peebles's Section 1692e(10) claim because allowing borrowers a "grace

period" does not make its threat of immediate acceleration false. Seterus cites Warran v. Smith Debnam Narron, Drake Saintsing & Myers, LLP, No. 7:10-cv-00071-BO, 2011 WL 10858230, at *3-4 (E.D.N.C. April 19, 2011) for the proposition that a debt collector does not violate the FDCPA when it affords a borrower greater latitude than the FDCPA requires. In Warran, a borrower sued a debt collector under the FDCPA, alleging the defendant's collection notice allowed 45 days to challenge or request verification of the debt when the FDCPA only afforded borrowers 30 days to challenge or request verification of a debt. Id. at *2-3. The district court found that, so long as the debt collectors honored their 45-day guarantee, the notice's 45-day provision was not a "false statement" in violation of 1692e(10).

The allegations here only resemble those in Warran if the Court closes one eye and squints with the other. In Warran, the debt collector was allowed to be inconsistent with the FDCPA because the inconsistency granted borrowers more protection; not less. Here, Peebles does not allege Seterus violated the FDCPA by granting him more leniency than the statute requires. He argues that Seterus violated the FDCPA by threatening harsher enforcement than it actually implements. Seterus describes its after-the-fact leniency as a "grace period," and urges the court to see generosity where Peebles alleges deception. But the FDCPA is a strict liability statute. If Seterus's threat to immediately accelerate the maturity date of a loan absent payment of the full default amount does not mirror its actual acceleration policy, it is a false statement. A debt

collector's claimed intent does not factor into the analysis.

Section 1692e(10) does, however, requires plaintiffs to allege more than the existence of a false representation. They must also allege the false representation was material. Afewerki, 868 F.3d at 775-76. Material false representations are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action" in response to the debt collector's collection efforts. Id. at 776. By contrast, a false representation is immaterial if it is "literally false but meaningful only to the hypertechnical reader." Id.

In Afewerki, the Ninth Circuit emphasized that the materiality requirement "remains a fairly narrow exception to the general rule requiring accuracy in communications from debt collectors." Id. It also recounted the facts of several cases where it had found material and immaterial misrepresentations. Id. at 774-76. For example, in Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033-34 (9th Cir. 2010), a debt collector incorrectly described a $32.89 charge as "interest due" when the amount also included certain "finance charges." Afewerki, 868 F.3d at 775. The Ninth Circuit found this representation—albeit false—was not material because an incorrect characterization of a correct amount "would not affect a consumer's ability to make intelligent decisions." Id. (quoting Donohue, 592 F.3d at 1034). In Tourgeman, on the other hand, the Ninth Circuit found the misidentification of a consumer's original creditor in a dunning letter was both false and materially so. Id. at 776 (citing Tourgeman, 755 F.3d at 1121). "Without knowing the

11

identity of the original creditor," Tourgeman explained, "a debtor might be frustrated in an attempt to discover how he incurred the debt or to obtain his payment records." Id.

In Afewerki itself, a debt collector mistakenly filed a complaint against a debtor in state court that listed the debt amount and interest rate. Id. at 773-74. The debtor hired an attorney who pointed out the errors, and the debt collector promptly corrected them. Id. at 774. The district court found the errors were not material because the debt collector eventually would have had to prove the correct amount owed. Id. The Ninth Circuit reversed, explaining that the correct inquiry was not whether this specific debtor would have been disadvantaged by the misstatement, but rather, whether the error could have disadvantaged the hypothetical, least sophisticated debtor. Id. at 775. The Ninth Circuit then answered this question, finding that the least sophisticated debtor "may well have simply paid the amount demanded in the complaint," resulting in overpayment of $3,000. Id. at 777. Similarly, the state court case could have proceeded to default judgment. Id. Given the debt collector's false statement could have caused these disadvantages, the Ninth Circuit deemed them material. Id.

The Court finds that Peebles, like the plaintiffs in Donohue and Afewerki, alleged a material violation. Peebles's claim hinges on the question of what amount a borrower must pay by the Expiration Date to prevent Seterus from immediately accelerating his loan. The California Final Notice states the borrower must pay the full default amount. Exhibit A to Compl.

12

Peebles, however, alleges, a debtor need only pay enough to bring the loan fewer than 45 days past due. Compl. ¶ 39-40. In some scenarios, these two amounts will be starkly different. And in all scenarios, it will cost a debtor more to pay the full default amount than a partial amount. Assuming the California Final Letter falsely represents how much a debtor must pay to avoid immediate acceleration of his loan, this misrepresentation is material. A borrower undoubtedly "suffer[s] a disadvantage in charting a course of action in response to [a] collection effort" when he is told he must pay more than necessary to avoid dire consequences. Because the complaint alleges Seterus made a material false representation, Peebles properly stated a claim under 15 U.S.C. § 1692e(10). Seterus's motion to dismiss this claim is DENIED.

                    b.    Section 1692f

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This provision also lists eight non-exhaustive examples of "unfair or unconscionable" conduct. See id. Peebles contends the empty threat of acceleration that violates Section 1692e also violates Section 1692f. Compl. ¶¶ 103-08. To be sure, "one action can give rise to multiple violations of the [FDCPA]." Clark v. Capital Credit & Collection Serv., 460 F.3d 1162, 1177-78 (9th Cir. 2006). But, as Seterus argues, a plaintiff cannot obtain relief under Section 1692f if the conduct challenged is not at least "comparable with the conduct condemned" by that provision. Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1519 (9th

13

Cir. 1994); see also Mot. at 9.  Furthermore, at least one district court in California has found that Section 1692e's specific coverage of false and misleading statements by debt collectors counsels against reading Section 1692f to proscribe the same conduct.  Cunningham v. Meridian Credit Group, LLC, No. 18-cv-1889-JGB-SHK$_x$, 2019 WL 643966, at *5 (C.D. Cal. Feb. 11, 2019).  Peebles has not adequately explained how the false threat of acceleration is comparable to any of the categories listed in Section 1692f.  See Opp'n at 11-12.  Nor does the Court see a resemblance.  The Court DISMISSES Peebles's Section 1692f claim WITHOUT PREJUDICE.

### 2. Rosenthal Act

The Rosenthal Act incorporates by reference the prohibitions contained in Section 1692b to 1692j of the FDCPA.  Cal. Civ. Code § 1788.17.  Peebles's Rosenthal Act claims are therefore derivative of his FDCPA claims.  See Afewerki, 868 F.3d at 776.  Given that the Court has found Peebles stated a claim under Section 1692e(5),(10) of the FDCPA, the Court DENIES Seterus's motion to dismiss Peebles's Rosenthal Act claim.

### 3. Unfair Competition

California's Unfair Competition Law ("UCL") prohibits corporations from engaging in "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. Prof. Code § 17200.  UCL claims are governed by the "reasonable consumer" test.  Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008).  "Under the reasonable consumer standard, [plaintiffs] must show that members of the public are likely to be deceived [by the business practice.]"  Id.

Seterus argues the Court need not address the reasonable consumer test because Peebles lacks standing to even bring a UCL claim. Mot. at 11. A plaintiff lacks standing under the UCL unless he (1) establishes a loss or deprivation of money or property sufficient to qualify as an injury in fact, and (2) shows the economic injury suffered was caused by the unfair business practice challenged. Gerber v. Citigroup, Inc., No. 07-cv-0078-WBS-JFM, 2009 WL 248094, at *7 (E.D. Cal. Jan. 29, 2009), findings and recommendations adopted by 2009 WL 2058576 (E.D. Cal. July 14, 2019). Peebles does not allege he lost money or property as a result of Seterus's collection notice. See Opp'n at 13-14. Rather, he claims Seterus's representation "created a substantial risk that Plaintiff and others similarly situated would lose real dollars . . . by paying more money than was necessary to avoid acceleration." Id. Peebles does not cite any authority for the proposition that a "substantial risk" of monetary loss confers standing under the UCL.

Peebles also argues that the threat of foreclosure may serve as the basis for UCL standing. Opp'n at 14. Courts have indeed allowed plaintiffs to bring UCL claims to enjoin foreclosure proceedings that were ongoing or imminent. See Foronda v. Wells Fargo Home Mortgage, Inc., No. 14-cv-03513, 2014 WL 6706815, at *9 (N.D. Cal. Nov. 26, 2014) (collecting cases). Peebles does not allege that Seterus has initiated foreclosure proceedings against his property or that foreclosure proceedings are imminent. See generally Compl. Although the California Final Notice threatened "immediate" acceleration of the maturity date of Peebles's loan if he did not pay the full

default amount by the Expiration Date, it did not threaten foreclosure with the same degree of certainty. See Exhibit A to Compl. Rather, the notice only says continued default "may" result in foreclosure proceedings. Nothing in the complaint or the briefings suggest foreclosure is imminent. Peebles therefore lacks UCL standing on that basis. The Court DISMISSES Peebles's UCL claim WITHOUT PREJUDICE.

### 4. Negligent Misrepresentation

To plead a claim of negligent misrepresentation, a plaintiff must allege: (1) defendant misrepresented a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. As Seterus argues, the complaint does not allege a "resulting damage." Nor does Plaintiff's opposition explain how he was harmed. The Court DISMISSES Peebles's negligent misrepresentation claim WITHOUT PREJUDICE.

## III. ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Seterus's motion to dismiss. The Court DISMISSES Peebles's 15 U.S.C. § 1692f, UCL, and negligent misrepresentation claims WITHOUT PREJUDICE. If Peebles elects to amend his complaint with respect to these claims, he shall file an Amended Complaint within twenty (20) days of this Order. Seterus's responsive pleading is due twenty (20) days thereafter.

The Court's Order re Filing Requirements ("Order"), ECF No.

3-2, limits memoranda in support of and opposition to motions to dismiss to fifteen pages. Order at 1. A violation of the Order requires the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of Court. Id. The Court does not consider arguments made past the page limit. Id. Plaintiff's counsel initially filed a 36-page opposition. ECF No. 18. The Court, in exercising its discretion, allowed counsel to file an amended opposition. ECF No. 24. Notwithstanding this allowance, Plaintiff's counsel filed another opposition that exceeded the Court's page limits. Plaintiff's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $50.00 no later than seven days from the date of this Order.

IT IS SO ORDERED.

Dated: September 17, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE